# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALBERT R. LITTLETON,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0540**  (BOR Appeal No. 2045070)
             (Claim No. 2000045373)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ASPLUNDH TREE EXPERT CO.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Albert R. Littleton, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Asplundh Tree Expert, by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2011, in which the Board affirmed a September 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 18, 2010, Order denying claimant's application for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

1

On July 26, 2000, Mr. Littleton was driving to work in a van and the tire blew, causing him to lose control and be injured. The injury was held compensable by the claims administrator in July of 2002. By September 19, 2003, the claims administrator granted a permanent partial disability award for 31% whole body impairment for right arm, head, ankle, and pelvis injuries. On April 12, 2004, it also granted a 13% impairment award for psychiatric conditions, and in September 7, 2007, it increased the overall impairment by 8%, for a total of 52% whole person impairment.

On March 8, 2010, Mr. Littleton applied for permanent total disability benefits. Mr. Littleton admits that the September 7, 2007, Order of the claims administrator noted that the claim may be reopened twice within five years of the initial impairment rating. In its Order of March 18, 2010, the claims administrator denied Mr. Littleton's request for permanent total disability award because his "initial award was issued September 19, 2003 [and it had] been more than [five] years since [his] initial award."

Mr. Littleton, through counsel, asserts that the five-year limitation was not applicable at the time of injury, and therefore it does not apply to his case. He argues that the regulations are inconsistent with the statute they purport to implement. However, in Mr. Littleton's brief, he does not even mention the code provision that the Office of Judges and Board of Review relied on, W. Va. Code § 23-4-6(a)(2). Instead, he chose to discuss W. Va. Code § 23-4-6(n)(1), which deals with the amount of disability required in order to receive a permanent total disability award. Mr. Littleton is correct that W. Va. Code § 23-4-6(n)(1) does not have any limitations on the timeliness of filing. Those requirements are in W. Va. Code § 23-4-16(a)(2): "in any claim in which an award of permanent disability was made, any request [for permanent total disability] must be made within five years of the date of the initial award." Mr. Littleton's alternative argument, that the law as it existed at the time of his injury should govern, is without avail also due to W. Va. Code § 23-4-16(a)(2).

The Office of Judges, in its September 8, 2010, Order affirmed the claims administrator's denial of permanent total disability based on the requirement that requests must be made within five years of the date of the initial award under W. Va. Code § 23-4-16(a)(2). In its February 24, 2011, Order, the Board of Review reached the same reasoned conclusion. We agree.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 14, 2013**

2

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING**:
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman